**JUDGE SWEET**

BLANK ROME, LLP
Attorneys for Plaintiff
AWB (GENEVA) S.A.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

**07 CV 3824**

MAY 1 5 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AWB (GENEVA) S.A., <br><br> Plaintiff, <br><br> -against- <br><br> SPOT ON SHIPPING LIMITED, SPOT ON (HONG KONG) GROUP CORPORATION LIMITED, SPOT ON INTERNATIONAL GROUP LIMITED, CLAYTON STAR COMPANY LIMITED, PEHW FUND LIMITED AND PEHW ASSET MANAGEMENT LIMITED, <br><br> Defendants. | 07 Civ. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, AWB (GENEVA) S.A., by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, alleges upon information and belief as follows:

### THE PARTIES

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, plaintiff AWB (GENEVA) S.A. (hereafter "AWB") was and now is a foreign company with its offices at 54 Rue de Lausanne, 1211 Geneva 21, Switzerland.

3. At all material times, Defendant SPOT ON SHIPPING LIMITED (hereafter "SOSL") was and is a British Virgin Islands company with offices at Room 1818-1823, 18th floor, Sun Hung Kai Centre, No. 30 Harbour Road, Wanchai, Hong Kong.

4. On May 7, 2007, SOSL announced that it had changed its name to CLAYTON STAR COMPANY LIMITED. Accordingly, it is a British Virgin Islands company with the same office address as SOSL.

5. At all material times, Defendant SPOT ON (HONG KONG) GROUP CORPORATION LIMITED (hereafter "SOHK") was and is a Hong Kong company with the same office address as SOSL.

6. At all material times, Defendant SPOT ON INTERNATIONAL GROUP LIMITED (hereafter "SO INTERNATIONAL") was and is a British Virgin Islands company with the same office address as SOSL. SO INTERNATIONAL is the purported shareholder of SOHK, having ostensibly received the shares of the individual shareholders, Zhang Wei-Lu, Zhang Xi-tong, and Zhang Xiao-jun.

7. At all material times, Defendant PEHW ASSET MANAGEMENT LIMITED (hereafter "PEHW ASSET") was and is a foreign corporation operated out of the same address as SOSL.

8. At all material times, Defendant PEHW FUND LIMITED (hereafter "PEHW FUND") was and is a foreign corporation operated out of the same address as SOSL.

9. Defendants have no office or place of business within this Judicial District.

## THE CONTRACT AND CLAIM

10. On February 21, 2007, AWB, as buyer, and SOSL, as seller, entered into a Forward Freight Swap Agreement (hereafter "the Agreement") for the purchase and sale of certain ocean freight obligations. Pursuant to the Agreement, there is due and owing by SOSL to AWB a sum of US$485,769.67, which SOSL has failed and refused to pay, despite due demand.

11. The Agreement provides it is subject to English law and the jurisdiction of the High Court of Justice in London, England.

12. English Courts routinely award interest and legal costs to the successful party in a judicial proceeding.

13. AWB estimates that interest in the sum of at least US$77,723 will be incurred at a rate of 8% for a period of at least 2 years, and recoverable legal costs will be awarded in the sum of at least US$200,000.

14. The total amount for which AWB requests issuance of Process of Maritime Attachment and Garnishment herein is **US$763,496.67**

## SOHK, SO INTERNATIONAL, CLAYTON, PEHW ASSET, AND PEHW FUND

15. On May 11, 2007, AWB received an email from the broker who negotiated the Agreement, relaying an email dated March 30, 2007, purportedly from PEHW Fund, but from SOHK's email address, announcing that SOSL had been acquired by "PEHW Fund Limited" and "the official name for the purpose of ffa [forward freight agreement] is PEHW Asset Management Limited." The email further claimed that although the ownership of SOSL "is separated from Spot On Group, Spot On Group will provide assistance to PEHW Fund in managing their FFA business." The email went on to ask the broker to "change the seller's name

to "PEHW Asset Management Limited" in all the FFA contracts (three half Q2) concluded by 'Spot On Shipping Limited' before and delete the details regarding 'Spot On Shipping Limited.'"

16. Also on May 11, 2007, AWB received an email from the said broker, relaying an email dated May 7, 2007 purportedly from Clayton Star Company Limited, stating that PEHW Management had acquired SOSL and that "Spot On Shipping Limited, BVI has changed its name to Clayton Star Company Limited."

17. All of the defendants are commonly beneficially owned, and commonly managed, controlled and dominated, by the same individuals, and used to carry on such individuals' own business. The defendants share the same offices, employees, telephone numbers and/or email addresses. They are all alter egoes of one another, operated as a single business entity, without regard to their respective corporate integrity and with no genuine separation between them, and conduct their affairs with a design of fraudulently avoiding payment of just debts to their creditors. In particular, the announcements of May 11, 2007 and the purported corporate rearrangements and attempts to change the names on both existing and future forward freight agreements, were done for the purpose of ostensibly insulating SOSL and SOHK from payments of losses incurred and expected to be incurred for their account on various contracts, all in fraud on legitimate creditors, such as AWB.

## PROCESS OF MARITIME ATTACHMENT AND GARNISHMENT

18. On information and belief, all of the defendant companies are commonly beneficially owned, managed, dominated, and controlled by the same individuals, and share common employees, offices, telephone numbers and email addresses, and are operated in disregard of their respective corporate integrity, and operated from the same offices. The sole purpose of the announcements on May 11, 2007 and the purported corporate rearrangement was

to defraud creditors by ostensibly insulating SOSL and SOHK from liabilities they had incurred and expected to incur under various agreements, and all of the defendants are complicit with and alter egos of each other in that endeavor.

19. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing it to appear and answer under oath all and singular the matters alleged in the Complaint;

20. B. That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **US$763,496.67** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That this Court award Plaintiffs their damages or retain jurisdiction over this matter through the entry of a judgment on the English judgments.

D.  That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
       May 15, 2007

>Respectfully submitted,
>BLANK ROME, LLP
>Attorneys for Plaintiffs
>
>By _____
>Jack A. Greenbaum (JG 0039)
>The Chrysler Building
>405 Lexington Ave.
>New York, NY 10174-0208
>(212) 885-5000

## VERIFICATION

STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK     )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
Jack A. Greenbaum

Sworn to before me this
15th day of May 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__/ /

900200.00001/6544033v.1                    7

BLANK ROME, LLP
Attorneys for Plaintiff
AWB (GENEVA) S.A.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AWB (GENEVA) S.A., <br><br> Plaintiff, <br><br> -against- <br><br> SPOT ON SHIPPING LIMITED, SPOT ON (HONG KONG) GROUP CORPORATION LIMITED, SPOT ON INTERNATIONAL GROUP LIMITED, CLAYTON STAR COMPANY LIMITED, PEHW FUND LIMITED AND PEHW ASSET MANAGEMENT LIMITED, <br><br> Defendants. | 07 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     )  ss:
COUNTY OF NEW YORK   )

JACK A. GREENBAUM, being duly sworn, deposes and says:

1.  I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants, ("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

2. Defendants are parties to a forward freight agreement and are a foreign corporations with offices in Hong Kong and no offices or place of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
15th day May, 2007

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__/ /